*United States v. Arce*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of January, two thousand twenty.

PRESENT:   RALPH K. WINTER,
                      PETER W. HALL,
                                *Circuit Judges*,
                      DENISE COTE,*
                                *District Judge.*

_____

United States of America,

                      *Appellee*,

                      v.                                                            18-3415

Daniel Monsanto Lopez, AKA Morra, Roberto Lizardo, AKA Gordo, Osiris Lucho Mesa, AKA Flaco, Jose Gutierrez,

_____

* Judge Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendants,*

Roberto Arce, AKA Luis,

*Defendant-Appellant.*

_____

| | |
|---|---|
| For Appellant: | MICHAEL P. KUSHNER, Kushner Law Group, PLLC, Brooklyn, NY. |
| For Appellee: | NATHAN REHN, Robert B. Sobelman, Elizabeth Hanft, Assistant United States Attorneys *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Roberto Arce appeals from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*) entered on October 29, 2018 convicting Arce of conspiracy to distribute and possess with intent to distribute cocaine and sentencing him to 120 months' imprisonment. We assume the parties' familiarity with the underlying facts, the record of prior proceedings, and

arguments on appeal, which we reference only as necessary to explain our decision to affirm.

I.

Defendant-Appellant Roberto Arce was convicted following a jury trial of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Appellant argues that the Government violated Rule 16 of the Federal Rules of Criminal Procedure by belatedly producing certain materials and that the district court's ruling that some of these materials could be entered into evidence at trial was error, warranting reversal of his conviction. According to Appellant, despite a representation at a March 2017 status conference that it had produced all of the Rule 16 discovery in this case, the Government produced subsequent packages of Rule 16 material to the defense in February 2018, shortly before trial was scheduled to begin. Defense counsel sought suppression of the evidence contained in the February 2018 productions, or alternatively, a continuance of trial. The district court adjourned trial for three weeks for defense counsel to review the evidence; defense counsel did not object to this continuance.

Appellant further contends that all the evidence presented at trial was

insufficient to sustain his conviction, challenging the direct evidence against him as not indicative of his involvement in a drug conspiracy and the testimony of cooperating witnesses tying him to the conspiracy as "unbelievable." Appellant Br. at 20. He argues that his conviction should be reversed.

## II.

"[A]n order under Rule 16(d)(2)" to remedy a discovery violation "will not be set aside except for abuse of discretion." *United States v. Sanchez*, 912 F.2d 18, 21 (2d Cir. 1990) (internal quotation marks and citations omitted). We review insufficiency of evidence claims *de novo. United States v. Geibel*, 369 F.3d 682, 689 (2d Cir. 2004).

## III.

Federal Rule of Criminal Procedure 16(a)(1)(E) provides that:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

Appellant argues that the Government belatedly produced certain evidence in violation of Rule 16(a)(1)(E) and that the district court erred in failing to exclude this evidence. Instead, the district court granted a three-week continuance to allow Appellant's defense team to review these materials.

We do not find a violation of Rule 16. Rule 16 requires that the Government "permit the defendant to inspect and to copy" certain materials "[u]*pon a defendant's request.*" *Id.* The plain language of the Rule does not require the Government to produce these materials absent a defendant's request. Here, in October 2016, the Government disclosed the existence of the evidence in its possession and made the evidence available for inspection. As it gathered additional evidence shortly before trial, that evidence was promptly produced to defense counsel. Following the adjournment of the trial, defense counsel had over one month to review the materials produced by the Government and did not object to the district court's continuance as providing insufficient time in which to review the materials. On this record, we decline to find a violation of Rule 16.

In any event, even if a violation of Rule 16 had occurred, the district court was well within its broad discretion to determine that a continuance, rather than the exclusion of evidence, sufficed to cure any harm Appellant alleges he suffered.

Where a violation of Rule 16 has occurred, "the court may . . . grant a continuance" to remedy such a violation as long as the violation did not cause the defendant substantial prejudice. Fed. R. Crim. P. 16(d)(2)(B); *see also United States v. Lee*, 834 F.3d 145, 158 (2d Cir. 2016) ("A district court's decision not to exclude evidence that was the subject of a Rule 16(a) violation is not grounds for reversal unless the violation caused the defendant substantial prejudice." (citation omitted)). Here, Appellant received the materials he argues were untimely produced over a month before trial ultimately began. Appellant did not suggest below that this was an insufficient amount of time to review these materials. Appellant also has not articulated on appeal a basis to find that he was prejudiced by the timing of this production and one is not easily imagined.

IV.

A conviction will be upheld against a sufficiency of the evidence challenge if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Persico*, 645 F.3d 85, 105 (2d Cir. 2011) (internal quotation marks and citation omitted). We view the evidence in the light most favorable to the Government, *United States v. Temple*, 447 F.3d 130,

6

136 (2d Cir. 2006), taking the evidence as cumulative and crediting each inference that the jury may have drawn in favor of the prosecution. *Persico*, 645 F.3d at 104.

Here, there was enough evidence that a rational trier of fact could have found Appellant guilty. The Government presented evidence showing, among other things: Appellant carried a box from a known stash house, and that the box had similar characteristics to boxes containing cocaine; the IP address for Appellant's apartment was used to track packages going to the stash house that were similar to packages containing cocaine, and some packages that the evidence suggested contained cocaine; Appellant was using a "burner phone" provided by a coconspirator to communicate about the package of drugs; Appellant arranged for thousands of dollars to be transported to a coconspirator; Appellant picked up a package that coconspirators understood to contain cocaine, and he explained that the contents had been sold already; Appellant had a scale for weighing drugs and the same vessel used for shipping and hiding the cocaine in his apartment; and Appellant was listed on what appeared to be a drug ledger found at the stash house.

Appellant contends that the testimony of three cooperating witnesses was not believable and, therefore, much of the evidence tying him to the conspiracy

7

should not be credited. This argument fails. "It is the province of the jury and not of the court to determine whether a witness who may have been inaccurate, contradictory and even untruthful in some respects was nonetheless entirely credible in the essentials of his testimony." *United States v. O'Connor*, 650 F.3d 839, 855 (2d Cir. 2011) (internal quotations marks omitted). Appellant has provided no reason for us to second guess the credibility determinations of the jury, especially where, as here, the cooperating witnesses testified about their agreements with the Government and the impact that lying would have on those agreements.

* * *

We have considered Appellant's remaining arguments and find them to be without merit. We hereby **AFFIRM** the judgment of the district court.


FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

8